

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable E. G. Garvey
County Auditor
Bexar County
San Antonio, Texas

Dear Sir:

Opinion No. 0-5162
Re: Under the facts submitted can
Bexar County legally disburse
funds from the General Fund of
the county to pay rent for a
warehouse to store surplus com-
modities, since the State and
Federal Governments have ceased
to participate in the distribu-
tion of surplus commodities?

Your letter of March 25, 1943, requesting the opin-
ion of this department on the question stated above reads in
part as follows:

"Please furnish me with an Opinion on the
following matter:

"This County has been cooperating with the
State and Federal Governments for quite some
time regarding the distribution of surplus com-
modities, and during this time Bexar County has
paid rent from the General Fund of the County
for a warehouse to store these surplus commodi-
ties, in compliance with Article 2372E-2, Vernon's
Texas Statutes 1939.

"On March 1st the agencies of the State and
Federal Governments withdrew their support and
ceased to participate in the distribution of sur-
plus commodities. However, on March 9th, 1943,
the Commissioners' Court by Court Order accepted
from the State Public Health Department approxi-
mately sixty days supply of surplus commodities

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable E. G. Garvey, Page 2

to be used for relief purposes only. On March
13th the Commissioners' Court by Court Order
turned these surplus commodities over to the
Associated Charities for distribution to needy
families of Bexar County, the Associated Chari-
ties bearing the expense of the distribution of
these commodities.

"Under the conditions above stated, can
Bexar County legally disburse funds from the
General Fund of the County to pay rent for a
warehouse to store surplus commodities, since
the State and Federal Governments have ceased
to participate in the distribution of surplus
commodities?

". . . ."

In opinion No. O-2217 (Conference Opinion No. 3099)
this department held in effect that a county commissioners'
court may rent a building in which to store food and clothing
furnished by the Federal Government for distribution to indi-
gents, may employ case workers to assist in determining those
to whom aid must be extended, and may purchase a truck with
which to distribute such commodities, if reasonable and neces-
sary to provide support for those persons mentioned in sub-
division 11 of Article 2351, Vernon's Annotated Civil Statutes.
This opinion further holds that the commissioners' courts may
rent office space for Old Age Pension investigators, the W. P. A.
and other Federal Government projects, as such projects are en-
gaged in the administration of relief to unemployed and needy
people of the county.

It is stated in the foregoing opinion,

"It goes without saying that the discretion
residing in the Commissioners' Courts in such mat-
ters must be soundly exercised. If the recipients
of such relief are not so indigent as to fall with-
in the terms of the statute, the Commissioners'
Court would be without authority to do any of the
things you inquire about. Assuming however, that
the beneficiaries of such relief are within the
statute, that a storehouse is necessary in provid-
ing them with support, that the county has no avail-
able space without renting the same, that the house

759

rented is of size and location commensurate with the need and the rent reasonable, your first question is answered in the affirmative.  . . ."

The question referred to in the quoted matter above is as follows:

"May the Commissioners' Court legally lease a building to be used as a warehouse to store surplus commodities, such as foods and clothing furnished by the Federal Government to be issued to the indigents of the county, and pay $100.00 per month rental for said building?"

In the facts stated in your letter it is noted that the commissioners' court by court order turned the surplus commodities over to the Associated Charities for distribution to needy families of their county and that the Associated Charities were to bear the expense of the distribution of these commodities.

If the recipients of such relief are so indigent as to fall within the terms of the statute (Article 2351, Vernon's Annotated Civil Statutes) the commissioners' court would have authority to disburse funds from the general fund of the county to pay the rent for a warehouse to store these surplus commodities. Assuming that the beneficiaries of such relief are within the statute, we respectfully answer the above stated question in the affirmative.

We are enclosing herewith a copy of opinion No. O-2217 (Conference Opinion No. 3099) for your convenience.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Ardell Williams*

Ardell Williams
Assistant

AW:mp
Encl.

APPROVED OPINION COMMITTEE